COMMONWEALTH *vs.* MARK M., a juvenile.[1]

No. 04-P-855.

Plymouth. March 10, 2005. - March 8, 2006.

Present: LAURENCE, BECK, & McHUGH, JJ.

*Constitutional Law,* Admissions and confessions, Waiver of constitutional rights by juvenile, Self-incrimination. *Practice, Criminal,* Admissions and confessions, Voluntariness of statement, Waiver. *Evidence,* Admissions and confessions, Voluntariness of statement.

Discussion of the procedures required before a juvenile may be considered to have validly waived his constitutional right to remain silent. [705-706]

A Juvenile Court judge properly allowed a juvenile's motion to suppress statements that he had made to police, where the juvenile had not had an opportunity to consult with an adult before being interrogated [706-707], and where the Commonwealth did not overcome the presumption of taint regarding later statements, in that the juvenile had made incriminating statements during his initial interview [707-708], and a period of several minutes during which the interrogating officer left the interview room, and the juvenile was alone with his grandmother, did not constitute a sufficient break in the stream of events [708].

A Juvenile Court judge did not err in failing to make new findings following a remand from this court, where this court did not dictate whether the judge should take new evidence or conduct another hearing in order to decide the questions posed on remand. [708-709]

COMPLAINTS received and sworn to in the Brockton Division of the Juvenile Court Department on February 8, 2001.

After review by this court, 59 Mass. App. Ct. 86 (2003), a pretrial motion to suppress evidence was considered by *Carol Gibson Smith,* J.

An application for leave to prosecute an interlocutory appeal was allowed by *Francis X. Spina,* J., in the Supreme Judicial Court for the county of Suffolk, and the appeal was reported by him to the Appeals Court.

[1]The name is a pseudonym.

*Carolyn A. Burbine*, Assistant District Attorney, for the Commonwealth.

*Frederick M. McDermott, III*, for the juvenile.

BECK, J. This case concerns statements a thirteen year old juvenile made to a police officer in the course of a criminal investigation. The Commonwealth appeals from an order of a Brockton Juvenile Court judge allowing a motion to suppress the juvenile's statements.

*Factual background.* At the request of Detective Scott C. Allen, the juvenile and his grandmother, who was his legal guardian, met with the detective at the East Bridgewater police station. The officer informed the juvenile and his grandmother that he was conducting an investigation of the juvenile's alleged indecent assault and battery of his six year old cousin. The detective recited Miranda warnings to the juvenile and his grandmother. Each of them read and signed the warnings and acknowledged that they understood them. The juvenile then agreed to talk to the detective, with his grandmother's consent. *Commonwealth* v. *Mark M.*, 59 Mass. App. Ct. 86, 87 (2003).

Detective Allen then described the allegations. The cousin claimed that the juvenile had indecently touched her while the two of them were watching television in her grandmother's house. The juvenile said that the two of them had been watching television and dancing. He said that at one point a commercial for a "Playboy" video appeared on the television and that he changed the channel so his cousin would not see it. *Ibid.*

At this point the grandmother asked the juvenile if he would be more comfortable discussing the matter with Detective Allen alone. The juvenile said that he would. Detective Allen said that he wanted to talk to his superior about whether he should interview the juvenile alone and left the room to consult with his superior. While the detective was gone, the juvenile and his grandmother were alone together for "no more than several minutes."

Having obtained his supervisor's approval, the detective escorted the grandmother to a separate room and returned to continue the interview with the juvenile. During this interview, the juvenile made some new incriminating statements which are the subject of the motion to suppress.

*Procedural background.* The motion judge allowed the juvenile's motion to suppress on the grounds that the grandmother and the juvenile did not have an opportunity to consult prior to waiving the juvenile's Miranda rights. The Commonwealth appealed to this court, and we remanded the case for further findings. *Commonwealth* v. *Mark M.,* 59 Mass. App. Ct. at 93. Specifically, we asked the motion judge on remand to make findings as to whether

> "(1) the juvenile's initial statement was incriminating, and, if so, whether there was a sufficient break in the stream of events to insulate the second statement from the initial illegality; (2) the grandmother and juvenile understood the content of the Miranda warnings; (3) the grandmother understood her role as the potential source of advice for the juvenile on whether he should waive his rights and talk to the police; and (4) the juvenile's waiver of his Miranda rights was knowing, voluntary, and intelligent."

*Ibid.*

On remand, the motion judge made additional findings without taking any further evidence. She found that the juvenile's initial statement was incriminating because it placed him at the scene of the alleged crime. She also concluded that there was not a sufficient break to insulate the later statements because "several minutes" was not enough time. Furthermore, she found that there was no evidence that the grandmother understood the Miranda warnings or her role as the juvenile's advisor. Moreover, there was no opportunity for the juvenile and the grandmother to consult, and, therefore, the waiver was not knowing, voluntary, or intelligent.

The Commonwealth has appealed from the allowance of the motion to suppress based on these findings, arguing that the judge's findings are not new findings of fact, but instead are merely new legal conclusions based on her initial factual findings and are unsupported by the record, and therefore, they do not satisfy our instructions on remand.

*Waiver of Miranda rights by juvenile.* When police interrogation involves a juvenile, we require that a parent, or other

interested adult if a parent is not available, be present and have the opportunity to consult with and advise the juvenile before the juvenile can be considered to have validly waived his constitutional right to remain silent. See *Commonwealth* v. *A Juvenile*, 389 Mass. 128, 133-134 (1983). For juveniles under the age of fourteen, as is the case here, the requirements are even more strict. *Id.* at 134. In order for the court to find that a waiver has been made knowingly, intelligently, and voluntarily, the Commonwealth must prove that an interested adult was present, understood the warnings, and had an actual opportunity to consult with the juvenile. *Ibid.*

If a juvenile suspect makes a statement after a violation of his or her Miranda rights, the statement is presumptively tainted unless the Commonwealth can overcome the presumption by showing either that "(1) after the illegally obtained statement, there was a break in the stream of events that sufficiently insulated the post-Miranda statement from the tainted one; or (2) the illegally obtained statement did not incriminate the defendant, or, as it is more colloquially put, the cat was not out of the bag." *Commonwealth* v. *Mark M.*, 59 Mass. App. Ct. at 89, quoting from *Commonwealth* v. *Torres*, 424 Mass. 792, 799 (1997).

*Actual opportunity to consult.* "[I]n order for there to be an 'actual opportunity' to consult, the interested adult must at least understand that there is an opportunity to consult and his or her own role in that consultation." *Commonwealth* v. *Mark M.*, 59 Mass. App. Ct. at 92. The Commonwealth need not prove that the adult and juvenile actually consulted privately, but only that they had a real opportunity to do so. *Commonwealth* v. *Philip S.*, 414 Mass. 804, 811-812 (1993). The purpose of the opportunity for the adult and juvenile to consult is to ensure that the juvenile understands the consequences of waiving his Miranda rights and speaking with police officers. See *Commonwealth* v. *A Juvenile*, 389 Mass. at 134-135. Therefore, the consultation must take place after the juvenile and adult have been informed of the Miranda rights and before they decide to waive them and questioning begins.

In this case, Detective Allen informed the grandmother and juvenile of the juvenile's Miranda rights, orally and in writing,

after which they agreed to speak with him. However, before the questioning began and before they made the waiver decision, the grandmother and juvenile should have been given an opportunity to consult. The failure to provide this opportunity immediately after the reading of the Miranda warnings was a violation of the juvenile's rights. See *Commonwealth* v. *Mark M.*, 59 Mass. App. Ct. at 91, 92. As we said in our previous analysis of this matter, "it was improper that the initial interview commenced without an opportunity to consult." *Id.* at 91. Thus, the juvenile's statements were presumptively tainted. However, in ruling that the juvenile's statements should be suppressed, the motion judge failed to make any findings whether the Commonwealth had overcome the presumption of taint regarding the later statements; hence the need for remand for further findings.

As the judge correctly found and ruled after the remand, the several minutes during which Detective Allen was out of the room, leaving the grandmother and juvenile alone, did not constitute a sufficient opportunity to consult, because this occurred after the juvenile had waived his rights and after the interrogation had begun. The grandmother did not understand that there was an opportunity to consult. Her suggestion that the officer speak privately with the juvenile while she left the room demonstrates her failure to appreciate her role in the interrogation process.

*The tainted statements.* Because the juvenile's statements were made after a violation of his Miranda rights, the presumption is that all the juvenile's statements are tainted unless the Commonwealth can show otherwise. Thus, unless the Commonwealth can prove that the juvenile made no incriminating statements during the initial questioning or that there was a sufficient break in the stream of events before the later statements were made, the court must suppress the entire interview with the juvenile. See *Commonwealth* v. *Torres*, 424 Mass. at 799-800.

The motion judge found after remand that the juvenile made incriminating statements during the initial interview and that there was not a sufficient break in the stream of events to insulate the second interview. We agree.

a. *Incriminating statements.* During the first part of the interrogation, before Detective Allen left the room, the juvenile made several admissions. He acknowledged that he had been in the basement alone with his cousin at the time she claimed that the incident took place. He also said that a commercial with sexual content appeared on the television and that both he and his cousin saw it. At this point in the statement the juvenile became embarrassed and uncomfortable, prompting the grandmother's offer to leave the room. Thus, even before the juvenile had an opportunity to consult with his grandmother, he made statements that appear to contain incriminating material. In this sense, the cat was out of the bag — something involving the cousin appeared to have happened in the basement. Viewing the statements together with the circumstances under which the grandmother left the room reinforces the conclusion that the juvenile's statements during the first interview were incriminating.

b. *Break in the stream of events.* The several minutes that Detective Allen was out of the room to ask his supervisor if he could interview the juvenile alone did not constitute a sufficient break in the stream of events. When Detective Allen left the interrogation, he was gone for a short time and, upon returning, he escorted the grandmother to a nearby room and resumed the same line of questioning he had begun previously with the juvenile. The Commonwealth produced no evidence that any intervening circumstances occurred to break the stream of the interrogation. See *Commonwealth* v. *Osachuk,* 418 Mass. 229, 236 (1994). See also *Commonwealth* v. *Watkins,* 375 Mass. 472, 482-483 (1978); *Commonwealth* v. *Prater,* 420 Mass. 569, 582 (1995). Thus, the Commonwealth has not overcome the presumption that the statements were tainted.

*Procedure on remand.* The Commonwealth argues that the motion judge erred following our remand by failing to make new factual findings. It contends that the judge merely drew new legal conclusions based on the same record. However, we did not dictate whether the motion judge should take new evidence or conduct another hearing in order to decide the questions posed on remand. See *Commonwealth* v. *Mark M.,* 59 Mass. App. Ct. at 93. The judge had already heard the Com-

Commonwealth *v.* Mark M., a juvenile.

monwealth's arguments about opportunity to consult and had heard Detective Allen's testimony about what had occurred during the interrogation. Therefore, she was free to base the additional findings on the evidence that had already been presented. Furthermore, the Commonwealth has not proffered any new information that it claims it was prevented from presenting to the judge. The motion judge did not err in deciding the questions we posed on remand.

*Order allowing motion to suppress affirmed.*